# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>                    Plaintiff<br><br>     v.<br><br>STU SHERMAN, et al.,<br><br>                    Defendants. | CASE NO. 1:13-cv-01627-LJO-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY DAYS** |

On October 9, 2013, Miguel Diaz ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.  No other parties have appeared in this action.

I.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.PLAINTIFF'S CLAIMS

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names the following individuals as Defendants: 1) Warden Stu Sherman, 2) A. W. Medina, 3) Capt. Hacker, 4) Lt. Morales, 5) Sgt. Lowther, 6) C/O Morales, 7) C/O Chidress, and 8) C/O Boncore/Williams.

Plaintiff alleges that these Defendants violated his rights under the Eighth Amendment by subjecting him to cruel and unusual punishment, the First Amendment by subjecting him to retaliation, the Fourteenth Amendment by violating the Equal Protection Clause, and the Americans with Disabilities Act. Plaintiff also alleges that the Defendants engaged in a conspiracy to violate his rights.

Plaintiff's allegations are summarized as follows:

On September 20, 2013, Defendant C/O Morales issued an order that Plaintiff not receive the food to which he was entitled. (Compl. at 1.) On September 21, 2013, Defendants Childress and Boncore/Williams informed inmates that they would not be allowed to eat unless they followed Defendant C/O Morales's medical orders. (Id. at 2.) Plaintiff was not allowed to eat "prison food" until October 5, 2013. (Id.)

Defendants denied Plaintiff reasonable accommodations for his disabilities. (Compl. at 2-3.) Defendants subjected him to racial discrimination by treating Plaintiff, who is Latino, differently from African-American inmates. (Id. at 3.)

Plaintiff asks for $30,000 in compensatory damages from each Defendant and $120,000 in punitive damages. (Compl. at 4.) Plaintiff also asks for injunctive and declaratory relief. (Id.)

## II.  ANALYSIS

### A.  42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.  Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to link Defendants Sherman, Medina, Hacker, Lt. Morales, and Lowther to any alleged wrongdoing in his Complaint. In order to state a claim against these Defendants, Plaintiff must allege how each personally participated in a deprivation of his rights.

Plaintiff will be given leave to amend his allegations against these Defendants.

### C.  First Amendment Retaliation Claim

Plaintiff alleges that unspecified individuals violated his First Amendment rights by retaliating against him, but he does not directly link any defendant or any specific facts to this claim. Thus, Plaintiff has failed to state a First Amendment retaliation claim. The Court will provide Plaintiff leave to amend this claim and will set out below the criteria for alleging a First Amendment retaliation claim. Plaintiff should review these requirements before filing an amended complaint.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding

4

prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); <u>Hines v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prong, filing a grievance is a protected action under the First Amendment. <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity. . . ." <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.

### D.     **Eighth Amendment Claim**

Plaintiff has alleged that Defendants C/O Morales, Childress, and Boncore/Williams violated his Eighth Amendment rights by not providing him with "prison food".

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>Farmer</u>, 511 U.S. at

832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff has failed to state an Eighth Amendment claim against Defendants C/O Morales, Childress, and Boncore/Williams. Plaintiff's allegations against these Defendants are too vague to enable the Court to determine if Plaintiff has a cognizable Eighth Amendment claim. Plaintiff alleges that these individuals did not provide him with "prison food," but does not explain if he received other food during this time, why they denied him "prison food", for how long he was denied "prison food," and how he faced a substantial risk of serious harm as a result. He also does not identify any deliberate indifference; he does not allege these Defendants directly denied him "prison food"; he alleges only that Defendant C/O Morales ordered him not to procure food and Defendants Childress and Boncore/Williams made an announcement regarding food. Plaintiff does not attribute any action directly taken against him by these Defendants.

Plaintiff will be given leave to amend this claim.

### E. **Fourteenth Amendment – Equal Protection Claim**

Plaintiff alleges that unspecified individuals violated his Fourteenth Amendment rights under the Equal Protection Clause. However, Plaintiff has failed to directly link any defendant or alleged fact to this claim. Thus, Plaintiff has failed to state a Fourteenth Amendment equal protection claim. The Court will provide Plaintiff leave to amend this claim and will set out below the criteria for alleging an equal protection claim. Plaintiff should review these requirements before filing an amended complaint.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### F. **Americans with Disabilities Act**

Plaintiff alleges that unspecified individuals violated his rights under the Americans with Disabilities Act ("ADA"). However, Plaintiff has failed to directly link any Defendant

7

or alleged fact to this claim. Plaintiff has also failed to allege that he suffers from any kind of disability. Thus, Plaintiff has failed to state an ADA claim. The Court will provide Plaintiff leave to amend this claim and will set out below the criteria for alleging an ADA claim. Plaintiff should review these requirements before filing an amended complaint.

Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. In the ADA context, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

The "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as . . . medical care . . . constitutes exclusion from participation in or ... denial of the benefits of the prison's services, programs, or activities." United States v. Georgia, 546 U.S. 151, 157 (2006).

///

### G. Conspiracy

Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Although conspiracy claims are actionable under Section 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

Plaintiff has not pled sufficient facts to support a cognizable claim for a conspiracy to violate Plaintiff's constitutional rights. Plaintiff's bare allegations that Defendants violated his First, Eighth, and Fourteenth Amendment rights and rights under the ADA are devoid of any suggestion of facts which might conceivably support it. Plaintiff will be given leave to amend this claim.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded

pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed October 9, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: January 29, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE