UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-1627-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 17)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　PROCEDURAL HISTORY**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 30, 2014, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint. (ECF No. 10.) Plaintiff sought and was granted two extensions of time to file an amended complaint. (ECF Nos. 13, 14, 15, 16.)

　　The second extension was granted and served on May 29, 2014, and Plaintiff had thirty days from that date to file his amended complaint. The deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

　　On July 10, 2014, the Court ordered Plaintiff to show cause why the action should

not be dismissed with prejudice for failure to obey a court order and failure to prosecute. (ECF No. 17.) The time for Plaintiff to respond to the order to show cause has passed and without any response being filed.

## II.   LEGAL STANDARD

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992)).

## III.   ANALYSIS

"The public's interest in expeditious resolution of litigation always favors

1  dismissal." Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999)).
2  Plaintiff's complaint was dismissed for failure to state a claim. (ECF No. 10.)
3  Notwithstanding successive extensions of time in which to amend (ECF Nos. 13 & 15),
4  Plaintiff has failed to comply with the Court's order that he file an amended pleading. He
5  has not provided cause why his action should not be dismissed. (ECF No. 17.) In such
6  circumstances, the Court cannot justify continuing to expend its scarce resources in this
7  matter. Thus, both the first and second factors weigh in favor of dismissal.

       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. (citation omitted), and it is Plaintiff's failure to comply with Court orders and file an amended pleading that is causing delay. Therefore, the third factor weighs in favor of dismissal.

       As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

       Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

       Accordingly, this action should be dismissed with prejudice based on Plaintiff's failure to state a claim and failure to prosecute.

**IV.    CONCLUSION AND RECOMMENDATIONS**

       It is HEREBY RECOMMENDED that this action be dismissed with prejudice based on Plaintiff's failure to state a claim and failure to prosecute.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(*l*).

1  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   July 29, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE