UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-1627-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 22)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 30, 2014, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint. (ECF No. 10.) Plaintiff sought and was granted two extensions of time to file an amended complaint. (ECF Nos. 13, 14, 15, 16.) The extended deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so, and the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 17.) Plaintiff did not respond and, on July 30, 2014, the undersigned issued findings and recommendation to dismiss the action for failure to obey a court order and failure to prosecute. (ECF No. 18.)

On August 6, 2014, Plaintiff responded to the order to show cause and requested an extension of time. (ECF No. 19.) The Court discharged the order to show cause, vacated the findings and recommendations, and granted Plaintiff an extension of time to file an amended complaint. Plaintiff subsequently sought a further extension of time, which was granted. (ECF Nos. 21 & 22.) However, that deadline has passed without Plaintiff either filing an amended complaint or seeking a further extension of time. Plaintiff has had nearly nine months to file an amended complaint, but has not done so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833

F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

    In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

    Plaintiff has not responded to the Court's order.

    Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order (ECF No. 22) and failure to prosecute, or file an amended complaint, and

2. If Plaintiff fails to show cause or file an amended complaint, the undersigned shall recommend this action be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 30, 2014      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28