UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>  Plaintiff,<br><br> v.<br><br>STU SHERMAN, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01627-DAD-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br> **(1) GRANT IN PART DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS;**<br><br> **(2) REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS;**<br><br> **(3) DIRECT PLAINTIFF TO PAY FILING FEE; AND**<br><br> **(4) GRANT DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>**(ECF Nos. 33 & 36)**<br><br>**FOURTEEN-DAY DEADLINE** |

I. **INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 9, 2014, Plaintiff was granted leave to proceed in forma pauperis ("IFP") status. (ECF No. 9.) Plaintiff has declined Magistrate

Judge jurisdiction.

Before the Court is Defendants' January 29, 2016, motion to revoke Plaintiff's IFP status. (ECF No. 33.) Also before the Court is Defendants' March 4, 2016, motion to stay all discovery for sixty (60) days pending this Court's ruling on their motion to revoke Plaintiff's IFP status (ECF No. 36.) Plaintiff filed an opposition to both of Defendants' motions on March 23, 2016. (ECF No. 37.) Defendants have not submitted a reply. This matter is submitted pursuant to Local Rule 230(*l*).

## II.    MOTION TO REVOKE IN FORMA PAUPERIS STATUS

### A.    Legal Standard

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir.

1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

### B.  Defendants' Request for Judicial Notice

Defendants ask the Court to take judicial notice of the following cases: Diaz v. Vasquez, 1:12-cv-00732-SAB (E.D. Cal.) (dismissed on February 25, 2013, for failure to state a claim; appeal dismissed for lack of jurisdiction); Diaz v. Diaz, 1:12-cv-1296-AWI-SAB (E.D. Cal.) (dismissed on September 4, 2014, for failure to state a claim; appeal dismissed for failure to obey a court order); Diaz v. Diaz, 1:13-cv-00453-SKO (E.D. Cal.) (dismissed on July 28, 2014, for failure to state a claim; appeal filed, disposition pending); Diaz v. State of California, 2:04-cv-02375-MJS (E.D. Cal.) (appeal dismissed on December 19, 2007, as not in good faith).  Since judicial notice may be taken of court records, Defendants' request will be granted. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

### C.  Plaintiff's Allegations

Plaintiff initiated this action on October 9, 2013, and is proceeding on a First Amended Complaint filed November 6, 2014. (ECF No. 24.) On October 9, 2015, Plaintiff's First Amended Complaint was screened and found to state claims against (1) Sgt. Lowther; (2) Sgt. Beltran; (3) Lt. Morales; (4) Lt. Popper; (5) Lt. Gallegher; (6) CO

Root; (7) CO Cavagnaro; (8) CO Mason; (9) CO Morales; (10) CO Boncore/Williams; (11) CO Childress; (12) Appeals Coordinator Heck; and (13) AW Ramirez.

Plaintiff alleges that Defendants Ramirez, Lt. Morales, Popper, Beltran, Root, Cavagnaro, Mason, Lowther, and Heck retaliated against Plaintiff after he filed a number of appeals and lawsuits by denying him access to food and/or work assignments over the course of several months. He also alleges that Defendants CO Morales, Boncore/Williams and Childress denied Plaintiff access to all prison food between the dates of August 25, 2013, and September 4, 2013, and this amounted to cruel and unusual punishment under the Eighth Amendment. Plaintiff further alleges the Defendant Gallegher denied Plaintiff the opportunity to call witnesses or present evidence at five disciplinary hearings where Plaintiff was ultimately found guilty, in violation of Plaintiff's due process rights.

### D. Analysis

Defendants move for the outright dismissal of this action on the grounds that Plaintiff has incurred three "strikes" within the meaning of 28 U.S.C. § 1915(g). The Court agrees that Plaintiff has incurred three strikes. Nonetheless, outright dismissal would be premature without first determining whether the imminent danger exception might apply to this case. Andrews, 493 F.3d at 1055. Defendants do not address this point in their moving papers.

In his opposition to the instant motion, Plaintiff alleges that the imminent danger exception applies here because the Defendants were denying him two meals a day for nine months. (ECF No. 37.) It is well settled that the sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose. Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (finding an Eighth Amendment violation where prison official denied inmate 16 meals over a 23 day period). To decide whether Plaintiff was in imminent danger of serious harm from food deprivation, the Court must look at what, if any, danger Plaintiff faced at the time his complaint was filed. Andrews, 493 F.3d at 1055. In the complaint filed on October 9,

2013, Plaintiff alleged that he was able to eat prison-supplied food as of October 5, 2013. Plaintiff thus essentially admits that the Defendants' allegedly unlawful conduct stopped before he filed this action.

Moreover, Plaintiff fails to provide specific, credible allegations of imminent danger of serious physical harm caused by the past denial of food. He states only that the lack of food led him to have low blood sugar, which *could* have made it dangerous for him to receive the insulin injections he needed for his diabetes. He does not, however, allege that he in fact suffered a serious illness, had to be hospitalized, or actually experienced anything that could be considered "serious harm." Compare Andrews, 493 F.3d at 1050-51 (where prisoner alleged facts indicating that he had suffered a particular injury, that Defendants knew of a particular harm to him, and that they failed to act to address the harm.)

Accordingly, the Court concludes that the imminent danger exception does not apply to the facts of this case. Defendants' motion to revoke Plaintiff's IFP status should be GRANTED IN PART, and Plaintiff should be directed to pay the $400 filing fee before proceeding in this action.

### III. DEFENDANTS' MOTION TO STAY

Defendants filed a motion on March 4, 2016, requesting that this Court stay all discovery for a period of sixty (60) days while their motion to revoke Plaintiff's IFP status and dismiss Plaintiff's complaint is pending. The Court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Good cause having been shown, the Court will recommend that this action be stayed pending resolution of this Court's recommendation that Defendants' motion to revoke be granted and Plaintiff be directed to pay the filing fee in full.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants' request for judicial notice is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's IFP status (ECF No. 33) be GRANTED IN PART;

2. Defendants' motion to stay discovery (ECF No. 36) be GRANTED;

3. If the District Judge adopts these recommendations, Plaintiff be directed to pay the $400 filing fee in full within twenty-one (21) days of the District Judge's order; and

4. If Plaintiff fails to timely pay the $400 filing fee in full, all pending motions be terminated and the action be dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 13, 2016              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

6