UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>  Plaintiff,<br><br>  v.<br><br>STU SHERMAN et al.,<br><br>  Defendants. | No. 1:13-cv-01627-DAD-MJS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS:<br><br>(1) GRANTING IN PART DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(2) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(3) DIRECTING PLAINITFF TO PAY FILING FEE WITHIN TWENTY-ONE DAYS OF SERVICE OF THIS ORDER<br><br>(4) GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING PLAINTIFF'S PAYMENT OF FILING FEE<br><br>(Doc. Nos. 33, 36, 38) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

Before the court are defendants' motions to revoke plaintiff's *in forma pauperis* ("IFP") status and to stay the case. (Doc. Nos. 33, 36.) On April 14, 2016, the assigned magistrate judge issued findings and recommendations, recommending that this court grant defendants' motion to revoke plaintiff's IFP status pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). (Doc. No. 38.) The magistrate judge recommended denying defendants' request to dismiss plaintiff's complaint outright, and instead recommended granting plaintiff an extension of twenty-one days to pay the required case filing fee in full or have his suit terminated. (*Id.* at 6.) The findings and recommendations directed the parties to file any objections thereto within fourteen days. (*Id.*) After requesting and receiving one extension of time, plaintiff filed his objections on May 11, 2016. (Doc. Nos. 39, 40, 41.) On May 31, 2016, defendants filed a reply to plaintiff's objections. (Doc. No. 42.) Plaintiff then filed a "supplemental argument" in support of his objections on June 13, 2016. (Doc. No. 43.)

According to his objections and supplemental argument, plaintiff does not dispute the magistrate judge's findings that he has brought three or more prior federal civil actions that were dismissed on the grounds specified in 28 U.S.C. § 1915(g). Rather, plaintiff argues that the imminent danger exception of § 1915(g) applies because defendants withheld prison-supplied food from plaintiff for an extended period of time and that this denial of food prevented him from safely injecting his insulin for his diabetes. (Doc. Nos. 41, 43.) To the extent plaintiff alleges he regained access to prison-supplied food after October 5, 2013, plaintiff argues he was only allowed one meal per day instead of the three meals typically afforded other prisoners, until January 4, 2014 when he was placed in administrative segregation. (Doc. No. 41 at 1.) This deprivation of food, plaintiff argues, resulted in an inability to safely inject his prescribed insulin. (Doc. Nos. 41, 43.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections and supplemental briefing, the court finds the findings and recommendations to be supported by the record and by proper analysis and adopts them in full.

/////

2

Because there is no dispute plaintiff has previously incurred three qualifying strikes under 28 U.S.C. § 1915(g), plaintiff is precluded from proceeding *in forma pauperis* in this action unless he is able to demonstrate that he is under imminent danger of serious physical harm. Under the imminent danger exception of § 1915(g), a prisoner may use IFP status to bring a civil action despite three prior dismissals only where the prisoner is under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1056–57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."). "Prisoners qualify for [this] exception based on the alleged conditions at the time the complaint was filed. And qualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." *Id.* at 1052. However, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.

Here, as noted by the magistrate judge, neither plaintiff's original complaint nor his amended complaint makes a plausible allegation that at the time of filing, plaintiff faced imminent danger of serious physical injury. Plaintiff's original complaint, filed October 9, 2013, stated only that plaintiff "was not allowed to eat any prison supplied food until 10/5/13." (Doc. No. 1 at 2.)[1] It did not allege facts suggesting that plaintiff was then suffering from an ongoing deprivation of food. Nor did it allege facts to suggest that any such deprivation complicated plaintiff's ability to inject insulin or otherwise posed an imminent danger to plaintiff. Moreover, plaintiff's now-operative amended complaint, filed November 6, 2014, does not allege any instance of food deprivation occurring later than September 2013. (*See* Doc. No. 24 at 4.) Based

/////

/////

/////

---

[1] Plaintiff's original complaint was subsequently dismissed for failure to state a claim, with leave to amend granted. (Doc. No. 10.)

on these allegations, it is therefore not plausible that plaintiff faced an imminent danger of serious physical injury at the times he filed those pleadings.[2]

Such allegations, if expounded upon with respect to a continuing practice, could conceivably meet the ongoing danger standard and the imminence prong of the three-strikes exception. *See Andrews*, 493 F.3d at 1056–57. However, on February 3, 2014, plaintiff notified this court that he had been transferred to the California Medical Facility ("CMF"). (Doc. No. 12.) Plaintiff's amended complaint, which is based on actions that allegedly took place at the California Substance Abuse Treatment Facility and State Prison, does not allege that any of the named defendants work at CMF. (*See* Doc. No. 24.) Thus, it is apparent that by the time plaintiff filed his amended complaint on November 6, 2014, he was not in any imminent danger of serious physical injury because of these defendants' alleged failure to provide him food. Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here. *See Andrews*, 493 F.3d at 1055; *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding failure to protect allegations against prison officials who put an inmate convicted of sexual battery in general population failed to meet imminent danger standard because the threat had ceased prior to filing the complaint and there were no allegations that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); *Winfield v. Schwarzenegger*, No. 2:09-cv-0636-KJN-P, 2010 WL 3397397, at *2 (E.D. Cal. Aug.27, 2010) ("At the time of filing the operative . . . complaint, plaintiff was incarcerated at [CSP-Sacramento]; thus, he is not facing imminent danger of serious physical injury based on allegations against defendant . . . at San Quentin State Prison.")

/////

---

[2] Plaintiff states additional facts in his objections and supplemental argument that he contends establish the existence of an imminent danger. However, these facts, even if alleged in his amended complaint, would fail to support any such finding.

Accordingly,

1. The April 14, 2016 findings and recommendations (Doc. No. 38) are adopted in full;
2. Plaintiff's *in forma pauperis* status is revoked;
3. Plaintiff is directed to pay the $400 filing fee in full within twenty-one days of the date of service of this order;
4. Failure to pay the filing fee in full will result in dismissal of this action, without prejudice, pursuant to 28 U.S.C. § 1915(g); and
5. This action shall be stayed pending plaintiff's payment of the filing fee or, in the alternative, dismissal of the action.

IT IS SO ORDERED.

Dated: __**August 4, 2016**__                                  /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE