UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-01627-DAD-MJS (PC)<br><br>ORDER DENYING MOTION FOR CONTEMPT OF COURT AND MONETARY SANCTIONS<br><br>(Doc. No. 57)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO COMPLY WITH COURT ORDERS<br><br>(Doc. No. 58) |

Plaintiff, a state prisoner, proceeded pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On August 5, 2016, this court adopted the assigned magistrate judge's findings and recommendations recommending that defendants' motion to revoke plaintiff's *in forma pauperis* status be granted pursuant to the three strikes provision of 28 U.S.C. § 1915(g) and directed plaintiff to pay the filing fee in full within twenty-one days of the court's order. (Doc. No. 46.) On August 17, 2016, plaintiff filed an interlocutory appeal of the court's order. (Doc. Nos. 47, 48.) On May 22, 2017, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal for failure to prosecute. (Doc. No. 53.) On May 24, 2017, this court once again ordered plaintiff to pay the required filing fee in full within twenty-one days of that order. (Doc. No. 54.) The twenty-one

day deadline passed and plaintiff had not paid the filing fee. Accordingly, on August 2, 2017, this case was dismissed. (Doc. No. 55.) Judgment was entered the same day. (Doc. No. 56.)

Over a month later, on September 5, 2017, plaintiff filed a "Motion for Contempt of Court and Monetary Sanctions," wherein he asks that monetary sanctions be imposed against defendants and other CDCR staff for wrongfully placing plaintiff in disciplinary segregation and depriving him of his legal property and typewriter. (Doc. No. 57.) On September 13, 2017, plaintiff filed a motion seeking a thirty day extension of time to comply with the court's "prior order," stating he only recently came back into possession of his typewriter. (Doc. No. 58.) In that motion plaintiff does not state which order he seeks additional time to comply with. In any event, the only order this court has directed to plaintiff in recent months was an order to pay the required filing fee in order to proceed. (Doc. No. 54.) Plaintiff did not require access to a typewriter to comply with that order.

This case was closed on August 2, 2017 and no motion for relief from the judgment has been filed. Therefore, the court does not have jurisdiction over the claims plaintiff raises in what he has styled as his "Motion for Contempt of Court." *Summers v. Earth Island Institute*, 555 U.S. 488, 492–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010); *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). Accordingly, both motions (Doc. Nos. 57 and 58) are denied.

IT IS SO ORDERED.

Dated: **November 16, 2017**

UNITED STATES DISTRICT JUDGE